IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS PEREZ GARCIA,

       Petitioner,

v.                                                                     No. 1:26-cv-00581-DHU-JHR

DORA CASTRO, Warden of Otero County
Detention Facility; MARY DE ANDA-YBARRA,
ICE District Director, Otero, New Mexico; KRISTI
NOEM, in her capacity as Secretary of Homeland
Security; and PAM BONDI, in her capacity as Attorney
General of the United States,

       Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Juan Carlos Perez Garcia's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is a native and citizen of Cuba who entered the United States on or about March 5, 2022. *Id.* at 27. After being detained by immigration officials, Petitioner was placed in removal proceedings and issued a Notice to Appear, which charged him as a noncitizen present in the United States without being admitted or paroled. *Id.* Three days later, on March 8, 2022, Petitioner was released on an Order of Release on Recognizance pending final determination of his case. *Id.* at 32. On June 10, 2022, Petitioner filed an Application for Asylum and later received a notice from the U.S. Department of Homeland Security ("DHS") advising him that he "may remain in the United States until [his] asylum application is decided." *Id.* at 36. Respondents are not aware of any bad conduct by Petitioner, or any allegations that he has broken the law or otherwise violated the terms of his conditions of release. Doc. 9 at 2.

1

Several years later, around August 18, 2025, DHS moved to dismiss Petitioner's removal proceedings and detained him at the Otero County Processing Center in Chaparral, New Mexico. The Immigration Judge ("IJ") granted DHS's motion, which Petitioner timely appealed. Doc. 1 at 48–49, 51. On January 9, 2026, Petitioner requested a custody redetermination, which the IJ denied on the grounds that he lacked jurisdiction. *Id.* at 53.

On February 26, 2026, Petitioner filed the instant Petition, where he, among other things, challenges his re-detention without an individualized assessment, i.e., a hearing, as violating the Due Process Clause of the Fifth Amendment. *Id.* at 8 ¶ 24. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody or, alternatively, provide him a bond hearing pursuant to 8 U.S.C. § 1226(a), as well as attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 24.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected

liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in March 2022, was detained within the United States, and was subsequently released on his own recognizance for over three years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, June 10, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Respondents must promptly return Petitioner's personal property to him, specifically within thirty (30) days of this Order.

3

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE